CLAUDE B. RHODES, Appellant, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY et al., Appellees.

**MASTER AND SERVANT:** Warning and Instructing Servant—Rules—Simple Tools—Obvious Dangers. A master is under no duty to warn one familiar with the methods and duty of a freight trucker, of the danger attending the use of an ordinary freight truck, nor to promulgate rules governing the individual conduct of an employee in the ordinary use of such tool.

**MASTER AND SERVANT:** Tools, Machinery, Appliances—Failure to Use Available Tools, Etc. Negligence on the part of the master may not be predicated on the non-equipment of a tool with a safety device when such device was present and accessible to the servant.

**MASTER AND SERVANT:** Insufficient Help—Causal Connection. A servant may claim nothing from lack of adequate help when no causal connection exists between such lack of help and the accident.

*Appeal from Polk District Court.*—W. H. McHENRY, Judge.

MONDAY, MARCH 12, 1917.

ACTION for damages for personal injuries. At the close of plaintiff's evidence, there was a directed verdict for the defendant, and the plaintiff appeals.—*Affirmed.*

*Thos. A. Cheshire,* for appellant.

*F. W. Sargent, J. G. Gamble* and *J. H. Johnson,* for appellees.

EVANS, J.—At the time of the accident in question, the plaintiff was an employee of the defendant, and was engaged as a trucker or freight handler. He had been engaged in this service but a short time prior to the accident, but had had many years of experience in various lines of railroad labor, and was by observation familiar with the methods and duties of a trucker. On the morning of the accident, the plaintiff was one of a crew consisting of a checker and caller and four truckers who were engaged in transporting the contents of a box car standing at one end of a platform into another car standing at the other end of the same platform. The plaintiff was engaged in trucking a steel rail, estimated at from 10 to 18 feet long. He used a two-wheel truck, with the ordinary handles and chisel. The rail was laid upon the truck so that the center thereof was approximately over the chisel, and one end extended forward between the handles. The plaintiff pushed his truck into the first car and pushed the same into proper position under the rail, one end of which was held up by the checker and caller. He transported the rail without incident from the first car to the second. His accident happened while he was pulling his truck into the second car. Between the car and the platform was a space of about 18 inches, which was bridged over by a steel bridge or platform. One edge of the steel bridge rested upon the platform, and the other upon the floor of the car. The plaintiff went backwards into the car, pulling the truck by the handles, rather than pushing the same. The steel bridge was about a quarter of an inch thick. This made a corresponding drop for the wheels of the truck when they passed from the bridge to the floor of the car. The plaintiff so turned his truck that one wheel made this drop slightly in advance of the other. This change of level caused a slipping of the rail against one of

*1. MASTER AND SERVANT: warning and instructing servant: rules: simple tools: obvious dangers.*

the handles. The plaintiff's hand was upon the handle, and his thumb was thereby broken. In part through subsequent mishaps of treatment, he has suffered a serious and permanent injury. The charges of negligence are, briefly: (1) Failure to warn; (2) failure to furnish adequate help; (3) failure to properly equip the truck; (4) failure to promulgate rules governing the conduct of the plaintiff.

The work, the tool and the danger incident thereto were all of such simple and obvious character as to leave little room to claim that any duty of warning rested upon the defendant. Nor do we find anything in the evidence which would justify a finding that there was any violation of duty to promulgate rules. It is not claimed that the plaintiff was injured through any act of a fellow servant which could have been avoided by the promulgation of proper rules. All that is claimed is that rules should have been promulgated for governing the conduct of the plaintiff himself. Ordinarily, the duty to promulgate rules arises only when there is a plurality of employees, who are so related to each other in their work that rules become necessary in order to protect each against danger from the act of the other. Assuming that an employment might be of such a nature as to cast upon the employer the duty to promulgate rules for governing the conduct of a single employee, as a method of protection to him as against his own act, we see no opening for the application of such a rule to the case before us. Counsel for the appellant makes no concrete suggestion as to what such a set of rules could properly include. We think it clear that this charge of negligence was properly disregarded.

2. MASTER AND SERVANT: tools, machinery, appliances: failure to use available tools, etc.

Was the truck improperly equipped? It is shown that there were certain racks that were used upon the trucks whenever necessary. These racks consisted of rough 2x4 timbers, so cut and nailed together as

to form a sort of platform upon the truck. In its use the rack was simply laid upon the truck and the load was laid upon it. It is urged that, if one of these racks had been used, the steel rail would not have slipped. It appears, however, that these racks were as abundant as the trucks, and were available and accessible at all times for use by any truck man.

3. MASTER AND SERVANT: insufficient help: causal connection.
The evidence fails also to show that the lack of adequate help had anything to do with the accident. The plaintiff had no trouble either in pulling or pushing the truck with the steel rail thereon. The witness Shirk was engaged in the same labor with another truck, and had just come out of the car with an empty truck as the plaintiff was about to go in. He was ready to furnish to the plaintiff any assistance which he might request. No occasion was presented for a request of help. Though witnesses testified for plaintiff that two men ought to have been provided for the work, no reason whatever was given for such opinion. No attempt was made to show what aid a second man could have given the plaintiff at the time of his injury. The slipping of the rail was caused concededly by the sudden change of level of the truck. The plaintiff caused this knowingly. He had precisely the same opportunity to foresee the effect of it as he would have had if another person had been present. If he had foreseen, he could, of course, have readily removed his hand from the place of manifest danger. We think, therefore, that it cannot be said that the accident resulted from a failure to furnish adequate help.

Complaint is made of the action of the trial court in striking out certain expert testimony upon the motion of the defendant below. The motion does not appear in the abstract, but the ruling of the court does. It is enough to say that, for the purpose of our foregoing consideration,

we have treated the expert testimony, such as it was, as being in the record. If it can be regarded as having a proper place in the record, the evidence is still insufficient to sustain a verdict for the plaintiff.

We think the trial court properly directed the verdict, and its order is accordingly—*Affirmed.*

GAYNOR, C. J., LADD and SALINGER, JJ., concur.